CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN -3 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL MUMFORD,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA,<br>DEPARTMENT OF STATE POLICE,<br>et al.,<br>    Defendants. | Civil Action No. 7:14-cv-00235<br><br>MEMORANDUM OPINION<br><br>By: James C. Turk<br>Senior United States District Judge |

Paul Mumford, a non-prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983, naming the Commonwealth of Virginia and the Department of State Police as defendants. He sought and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), and so his Complaint has been filed without prepayment of the filing fee. After conducting an initial screening of this action, however, the Court concludes that it must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    **Allegations of the Complaint**

Although Plaintiff does not offer much in the way of specific facts to support his legal claims, he asserts that the defendants violated his constitutional rights by intentionally including unspecified "false information" about him on Virginia's Sex Offender Registry ("VSOR").[1] He also states that the defendants deprived him of "vested constitutional rights by subsequently

---

[1] Virginia law requires the Virginia State Police to operate and administer VSOR. Va. Code Ann. § 9.1-900. The registration requirements apply to all offenders convicted of certain crimes, and the eligible crimes are designated by the Virginia state legislature. Va. Code Ann. § 9.1-901, 9.1-902. The registration requirement also applies to those residing in Virginia who have been convicted of certain offenses under the laws of another state or where registration is required under the laws of the jurisdiction where the offender was convicted. Va. Code Ann. § 9.1-902. See also generally Vanderwall v. Commonwealth of Virginia, 2006 WL 6093879, at *1-2 (E.D. Va. Aug. 9, 2006) (discussing the operation of the registry); Maslak v. State Poliey [sic], 2008 WL 4965234, at *1-2 (W.D. Va. Nov. 19, 2008) (rejecting double jeopardy claim by prisoner who challenged his obligation to register in Virginia based on his New Jersey conviction).

enhancing requirements of the registration laws and incorporated the 2008 registration laws when the plaintiff fell under the prior registration laws and termination of requirements from the state of conviction [Kentucky] in 2007."[2] ECF No. 2 at 2. He further alleges that the Virginia State Police have "arbitrarily enhanced the Plaintiff's offender status twice and covered up the wrongdoing." Id. at 3. He claims that he has been harmed in a number of ways, including being banned from family members' school functions, and that the registration information has had a detrimental effect on his reputation, mental health, employment and educational opportunities, and ability to find a "reasonable residence." Id. at 3-4.

## II. Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the Court has a duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, Section 1915(e)(2)(B) expressly requires the court to "dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) ("a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim") (citing 28 U.S.C. § 1915(e)(2)(B)).

In order to state a claim on which relief may be granted, the plaintiff must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

---

[2] Although it is not clear from the Complaint, this appears to be a reference to a 2008 amendment to the VSOR statute that reclassified certain offenses as "sexually violent offenses." See Doe v. Va. Dep't of State Police, 713 F.3d 745, 750 (4th Cir. 2013) (discussing the amendment). Virginia law does not provide an avenue for those convicted of a sexually violent offense to petition for removal from the registry and instead they must remain on the registry for life. See id.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To satisfy this standard, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

### III. Discussion

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, which requires him to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). Plaintiff claims the Defendants' actions violated his right to due process and the Eighth Amendment's prohibition on "cruel and unusual punishment," but the Court concludes that he has failed to state a claim entitling him to relief for at least three reasons.

First, he has alleged no facts concerning his prior conviction, why he believes his prior conviction does not require him to register under VSOR, or why the registry information concerning him was false. Although a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted), a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal alterations and quotation marks omitted). Due to the absence of facts identifying his prior

3

conviction or why his conviction does not fall within the class of convictions requiring registration under the statute, Plaintiff has not met this burden.

Second, even if he were permitted to amend his complaint to include additional factual background, such amendment would be futile because neither the Commonwealth of Virginia nor the State Department of State Police is a "person" within the meaning of Section 1983. Wills v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) (both states and agencies that are "arms" of the state do not qualify as "persons" under Section 1983). Thus, his claims are subject to dismissal on this ground, as well.

Third, the reasoning behind the conclusion in Wills was based on the principles of Eleventh Amendment immunity, see id., and the doctrine of sovereign immunity provides yet another basis for the dismissal of this action. That is, the only defendants that Plaintiff names are the Commonwealth of Virginia and the Department of State Police, and the only relief that he seeks is damages in the amount of eight million dollars; he does not seek any injunctive relief. See generally ECF No. 2. It is well established that the Commonwealth of Virginia is shielded by Eleventh Amendment immunity, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984), and cannot be sued unless it has indicated its consent to be sued, which it has not done in this case.[3] This immunity extends to its agencies, as well. See id.

---

[3] Furthermore, even if Plaintiff had named a person as a defendant and requested some sort of injunctive relief that would not be barred by sovereign immunity, other courts to consider such claims on their merits have rejected various constitutional challenges to VSOR, including challenges to the 2008 amendment. See, e.g., Doe v. Va. Dep't of State Police, 713 F.3d 745 (4th Cir. 2013) (rejecting procedural due process challenge to 2008 amendment to VSOR); Perry-Bey v. Virginia, 2013 WL 2476491 (E.D. Va. June 7, 2013) (rejecting argument that VSOR's 2008 amendment violated Ex Post Facto Clause, and dismissing substantive and procedural due process claims, equal protection claim, and claim of cruel and unusual punishment, among others).

## IV. Conclusion

For all of these reasons, the Court concludes that Plaintiff's Complaint must be dismissed without prejudice. An appropriate order will be entered this day.

**ENTER**: This 3rd day of June, 2014.

_____
Senior United States District Judge