CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL MUMFORD, | |
| Plaintiff, | Civil Action No. 7:14-CV-00235 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, et al., | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Plaintiff Paul Mumford, proceeding pro se and in forma pauperis, filed this action under 42 U.S.C. § 1983 against the Commonwealth of Virginia and Department of State Police. On June 3, 2014, the court dismissed the case without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Mumford has now filed a motion to rehear the case, which the court will treat as a motion for relief from a judgment or order. For the reasons set forth below, the motion will be denied.

## Background

The allegations set forth in Mumford's submissions are sparse. He asserts that defendants violated his constitutional rights by disclosing "false facts" about him on the Virginia Sex Offender Registry ("VSOR"). Compl. ¶ 2. He argues that his conviction in Kentucky was a non-violent offense. However, Mumford asserts that his "re-register letter" classified him as a "Sexually Violent Offender," which allowed others to have "unauthorized access to information." Id. ¶ 5. Mumford believes that defendants intentionally meant to harm him with

---

[1] This case was originally assigned to Senior United States District Judge James C. Turk, who is now deceased. The case is now reassigned to the undersigned district judge.

the "enhancement" of his status. Id ¶ 7.

On May 7, 2014, Mumford filed a complaint against defendants, pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of his due process rights under the Fourteenth Amendment. He claims to be harmed in a number of ways, including being banned from family members' school functions, and that the registration information had a detrimental effect on his reputation, mental health, employment and education opportunities, and ability to find a reasonable residence. He seeks damages in the amount of $8,000,000.00. On June 3, 2014, the court dismissed Mumford's complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court found that dismissal was necessary for several reasons, including that Mumford provided no facts about his prior conviction in Kentucky, neither defendant was a "person" under § 1983, and defendants were entitled to sovereign immunity. On December 28, 2015, Mumford filed a "motion to rehear" his case, which the court shall construe as a motion for relief from a judgment or order. See Docket No. 11. Thereafter, on February 1, 2016, he filed a "memorandum of law brief" with additional arguments. See Docket No. 12.

## Standard of Review

It appears that Mumford's only option for relief from the court's order dismissing his case is under Rule 60(b) of the Federal Rule of Civil Procedure, which provides relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).[2] A movant under Rule 60(b) must first "demonstrate the existence of a meritorious claim or defense." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). After such initial

---

[2]    Rule 54(b) does not apply because the court's June 3, 2014 order only applies to orders that adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Rule 59(e) does not apply because Mumford did not file his motion within the 28-day time limit. See Fed. R. Civ. P 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The court's order dismissing the case without prejudice was filed on June 3, 2014; Mumford filed his motion on December 28, 2015. Therefore, it is untimely under Rule 59(e).

2

showing, he then must "satisfy one or more of the six grounds itemized in the rule on which a vacation of the judgment may be authorized." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). These grounds include: "mistake, [inadvertence], surprise, or excusable neglect; newly discovered evidence; fraud; that the judgment is void; or any other reason justifying relief." In re Wilkins, No. 99-34315, 2003 WL 24004550, at *2 (E.D. Va. Oct. 14, 2003), aff'd sub nom. Wilkins v. Phillips, 101 F. App'x 408 (4th Cir. 2004). Furthermore, a motion made under Rule 60(b) for the first three reasons must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). A motion under Rule 60(b) is "addressed to the sound discretion of the district court." Square Const. Co., 657 F.2d at 71.

## Discussion

The only ground on which the instant motion could be based is for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). "Although Rule 60(b)(6) is a 'catchall' provision, it has limited applicability." United Mktg. Solutions v. Fowler, 512 F. App'x 271, 275 (4th Cir. 2013). Specifically, "[r]elief under Rule 60(b)(6) is appropriate 'only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.'" United States v. Bowers, 983 F.2d 1058 (4th Cir. 1993) (quoting Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986), cert. denied, 482 U.S. 905 (1987)).

Upon review of the record and applicable case law, the court concludes that Mumford has failed to demonstrate that he is entitled to relief under Rule 60(b)(6). "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds ... to the satisfaction of the district court ... and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted). Here, Mumford's motion instead seeks to assert new claims against two new defendants,

3

Virginia State Police Trooper D.A. Lockliear and Colonel W.S. "Steve" Flaherty, arising out of his two convictions for failing to register as a sex offender in Virginia. However, a plaintiff "may not ... raise a new claim as a basis for a Rule 60(b) motion." Mosby v. Sykes, No. 5:12-CT-3246-FL, 2014 WL 6851637, at *2 (E.D.N.C. Dec. 3, 2014). Therefore, Mumford's motion not only fails to establish that he has meritorious claims against the original defendants, but also fails to show extraordinary circumstances in order to justify relief under Rule 60(b)(6). Accordingly, Mumford's motion will be denied.

## Conclusion

For the foregoing reasons, the court concludes that Mumford has not met his burden of establishing that he is entitled to relief from the court's June 3, 2014 order. As such, Mumford's motion will be is denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and all counsel of record.

ENTER: This 9th day of May, 2016.

*/s/ Jon Conrad*
Chief United States District Judge